IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–15–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| RICHARD LEE CLARKE, | |
| Defendant. | |

Before the Court is Defendant Richard Lee Clarke's Unopposed Motion for Early Termination of Supervised Release. (Doc. 93.) Mr. Clarke was adjudged guilty of conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). (Doc. 73 at 1.) On July 20, 2018, Mr. Clarke was sentenced to a term of imprisonment of sixty months with four years of supervised release to follow. (*Id.* at 2–3.) Mr. Clarke completed his term of imprisonment on November 8, 2021. (Doc. 93 at 1.) As of the date of this order, he has completed approximately 21 months of his four-year term of supervised release. He now seeks termination of the remaining term of supervised release. (Doc. 93.) Neither Mr. Clarke's supervising probation officer nor the United States opposes the motion. (*Id.* at 2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B),
> (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a
> term of supervised release and discharge the defendant released at any
> time after the expiration of one year of supervised release, pursuant to
> the provisions of the Federal Rules of Criminal Procedure relating to
> the modification of probation,[1] if it is satisfied that such action is
> warranted by the conduct of the defendant released and the interest of
> justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Clarke began his term of supervised release on November 8, 2021 (Doc. 93 at 1), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to  afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Clarke's supervised release. Fed. R. Crim. P. 32.1(c).  Such a hearing is not necessary, however, if Mr. Clarke waives it, or if the proposed modification is favorable to him and the United States does not object.  The early termination of Mr. Clarke's supervised release is obviously favorable to him, and the United States did not object.  (Doc. 93.) Accordingly, the Court will dispose of this matter without a hearing.

sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).  This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Clarke's remaining term of supervised release.  Mr. Clarke is 64 years old.  Mr. Clarke has been in full compliance with all conditions of supervised release since his release from prison.  (Doc. 93 at 2.)  He is gainfully employed in the construction industry, and his employer has asked him to move to job locations in Washington, and later Arizona, so that he may remain employed and continue to support his children.  (*Id.* at 1–4.)  The record before the Court indicates that, while imprisoned, Mr. Clarke availed himself of educational opportunities (Doc. 83-2 at 1), and he completed RDAP and and had only one disciplinary incident (Doc. 87-1).  The Court concludes that the § 3553(a) factors support early termination of his term of supervised release.  The Court wishes Mr. Clarke the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 93) is GRANTED.

IT IS FURTHER ORDERED that Mr. Clarke's remaining term of supervised

release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 25th day of August, 2023.

Dana L. Christensen, District Judge
United States District Court